UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ARSENIO EATON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00379-JPH-MG |
| | ) |
| JOHN PLASSE, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Arsenio Eaton, a pretrial detainee at the Vigo County Jail, alleges that Vigo County Sheriff John Plasse subjected him to unconstitutional conditions of confinement by assigning him and four other prisoners to a four-person cell, which required Mr. Eaton to sleep on a mat on the floor rather than a raised bed. Mr. Eaton further alleges that this overcrowding caused injuries to his feet when he tripped on a sleeping mat. Dkt. 20 at 6. Sheriff Plasse has moved for summary judgment. Dkt. [36]. Mr. Eaton did not respond. For the reasons below, Sheriff Plasse's motion for summary judgment is **granted**.

# I.
# Standard of Review

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the

record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez,* 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Defendant gave Mr. Eaton notice of his right to respond and the potential consequences of failing to do so. S.D. Ind. L.R. 56-1(k); dkt. 38 (Defendant's notice to Mr. Eaton). Plaintiff did not respond, so facts alleged in the motion

are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual Background

Because Defendant has moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Mr. Eaton and draws all reasonable inferences in his favor. *Khungar*, 985 F.3d at 572–73.

### A. The parties

Mr. Eaton is a pretrial detainee at the Vigo County Jail ("Jail"). Dkt. 36-3 at 8–9. Mr. Plasse is the Vigo County Sheriff ("Sheriff"). Dkt. 36-1 at 1; dkt. 36-2 at 1.

### B. Non-parties

Charles Funk is the Vigo County Jail Commander. *Id.* Casey Lee is the Jail Matron. *Id.* Stephanie Edwardson is the First Sergeant at the Jail. *Id.* Mr. Funk, Ms. Lee, and Ms. Edwardson are responsible for the day-to-day operation of the Jail. *Id.*

**C. Mr. Eaton's housing and conditions**

Mr. Eaton was housed with four other prisoners in a four-man cell in B block at the old jail.[1] Dkt. 36-3 at 36–37. Mr. Eaton was assigned a "boat" when in B block. *Id.* at 37–38. A boat is a plastic liner with a mat placed in it that inmates are given to sleep on in lieu of a bed when there are not enough bunks available. *Id.* at 39; dkt. 36-1 at 1. Mr. Eaton slept on a boat for nearly a year, sometimes in his cell and sometimes in the dayroom or on the range. Dkt. 36-3 at 40, 51.

There was an occasion where Mr. Eaton tripped on a boat as he was leaving his cell. *Id.* at 42. This occurred because he forgot the boat was in the middle of the floor in his cell. *Id.* at 43. Mr. Eaton's feet were injured and swelled after the incident. *Id.* at 43–44.

The Jail medical department treated Mr. Eaton's swelling. *Id.* at 47–48. The swelling remained for at least a week. *Id.* at 48.

In May 2022, Mr. Eaton was assigned a bunk, where he remained until he was moved to the new jail in November 2022. *Id.* at 51–52.

## III.
## Discussion

Mr. Eaton's claim, which is brought under 42 U.S.C. § 1983, alleges that he was subjected to unconstitutional conditions of confinement at the Jail because it was overcrowded. Dkt. 19 (Amended Complaint); dkt. 20 (screening

---

[1] The Court takes judicial notice that Vigo County recently built a new jail, which opened in 2022. *See* Vigo County Sheriff Jail information, https://vigosheriff.in.gov/department/index.php?structureid=10 (last visited Feb. 3, 2025).

order). Sheriff Plasse argues that he is entitled to summary judgment because he was not personally involved in any decisions that may have subjected Mr. Eaton to unconstitutional conditions of confinement, and because requiring Mr. Eaton to sleep on a boat did not subject him to unconstitutional conditions of confinement. Dkt. 36-4.

"Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted); *see also Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.").

Sheriff Plasse argues that he cannot be liable for alleged unconstitutional conditions of confinement because he was not personally involved in the day-to-day operations at the jail. Dkt. 36-4 at 7. An administrator such as Sheriff Plasse "can be expected to know of or participate in creating systemic, as opposed to localized, situations." *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428–29 (7th Cir. 2015); *Smith v. Dart*, 803 F.3d 304, 309 n.2 (7th Cir. 2015) ("[T]he personal involvement of senior jail officials, such as [Sheriff] Dart, can be inferred at the motion to dismiss stage, where as here, the plaintiff alleges 'potentially systemic,' as opposed to 'clearly localized,' constitutional

violations." (quoting *Antonelli*, 81 F.3d at 1428–29)); *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999) (holding that "defendants such as the Sheriff and the Director of the Jail can realistically be expected to know about or participate in creating systemic jail conditions"). A high-ranking officer such as Sheriff Plasse "can be expected to have personal responsibility" for "systemic violations." *Antonelli*, 781 F.3d at 1429.

Here, the designated evidence shows that inmates slept in boats in the range and dayroom due to overcrowding at the Jail. Dkt. 36-1 at 1. Sheriff Plasse cannot claim to lack personal involvement as to a systemic issue such as overcrowding at the Vigo County Jail. *Antonelli*, 81 F.3d at 1429. Accordingly, the Court must consider whether Mr. Eaton was subjected to objectively unconstitutional conditions of confinement.

"Pre-trial detainees may assert a conditions-of-confinement claim under the Fourteenth Amendment's Due Process Clause." *Hardeman v. Curran*, 933 F.3d 816, 821–22 (7th Cir. 2019). Such claims are analyzed under an objective reasonableness standard. *Id.* at 822–23. The analysis of a condition of confinement is two-fold. First, Mr. Eaton must show that the conditions of confinement were "objectively serious enough to amount to a constitutional deprivation." *Smith*, 803 F.3d at 309. An objectively serious condition of confinement must result in the denial of "the minimal civilized measure of life's necessities." *Hardeman*, 933 F.3d at 820 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The second inquiry requires Mr. Eaton to show "that the defendant's response was objectively unreasonable under the circumstances,

and that the defendant acted purposely, knowingly, or recklessly with respect to the consequences of his actions." *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (cleaned up) (citing *Hardeman*, 933 F.3d at 823, 827; *Miranda v. County of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018)). Sheriff Plasse's response is objectively unreasonable if it is "not rationally related to a legitimate nonpunitive governmental purpose" or is "excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015).

    Here, there is no designated evidence from which a reasonable jury could conclude that Mr. Eaton's conditions of confinement were "objectively serious enough to amount to a constitutional deprivation." *Smith*, 803 F.3d at 309. There is no dispute that Mr. Eaton experienced the conditions about which he complains: that he was one of five inmates in a four-person cell; that he had to sleep in a boat for much of his time at the jail; and that he at one point tripped over the boat because of the cramped conditions in his cell. Dkt. 36-3 at 36–44, 51. But the Constitution does not entitle him to an elevated bed. *See Sanders v. Kingston*, 53 F. App'x 781, 783 (7th Cir. 2002) ("We know of no case holding that the [objective component of the] Eighth Amendment requires elevated beds for prisoners . . . ."); *Rodmaker v. Krienhop*, No. 4:14–cv–070–TWP–TAB, 2014 WL 3671016, at *2 (S.D. Ind. July 23, 2014) ("[S]leeping on the floor does not punish a detainee so long as jail officials provide a mattress."); *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) (holding pretrial detainee did not have constitutional right to elevated bed). Further, sleeping in the boat for an extended duration of time is not necessarily an objectively serious

7

deprivation. *See Holton v. Tharp*, No. 20-cv-1136-RJD, 2024 WL 688609, at *4 (S.D. Ill. Feb. 20, 2024) (finding pretrial detainee sleeping on floor mattress for eight months was not objectively serious deprivation). And although placing the boat on his cell floor may have created a tripping hazard, Mr. Eaton tripping over the boat one time is not enough to show that he was deprived of one of life's necessities. *See Grissom v. Watson*, No. 21-cv-274-JPG, 2023 WL 2263636, at *8 (S.D. Ill. Feb. 28, 2023) (finding tripping hazard insufficient to find sleeping in boat satisfied first prong of conditions of confinement claim).

Further, Mr. Eaton has not designated evidence showing how crowded a four-person cell containing five people and a boat would be. But the Supreme Court and Seventh Circuit have found that 35 square feet per inmate in double-celling situations is not a per se constitutional violation, *see Rhodes*, 452 U.S. at 348–49; *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985); *Smith v. Fairman*, 690 F.2d 122, 124, 126 (7th Cir. 1982); *McCree v. Sherrod*, 408 F. App'x 990, 992 (7th Cir. 2011), and other circuits that have considered triple-celling "have similarly concluded that it does not amount to a per se violation," *McCree*, 408 F. App'x at 992 (citing *Hubbard v. Taylor*, 538 F.3d 229 (3d Cir. 2008), and *Strickler v. Waters*, 989 F.2d 1375 (4th Cir. 1993)). In sum, a reasonable jury could not conclude that the conditions Mr. Eaton faced deprived him of one of life's necessities.

But even if the conditions Mr. Eaton faced did constitute an objectively serious deprivation, overcrowding alone does not establish that Sheriff Plasse acted with the requisite culpable mental state. Mr. Eaton designates no

8

evidence that his housing situation was "not rationally related to a legitimate nonpunitive governmental purpose" or was "excessive in relation to that purpose." *Miranda*, 900 F.3d 353–54; *Hardeman*, 933 F.3d at 822–23. Similarly, Mr. Eaton does not contend that Sheriff Plasse made him sleep in a boat as punishment. Instead, he contends he was subjected to unconstitutional conditions of confinement due to overcrowding alone.

Managing an overcrowded jail is a legitimate nonpunitive governmental purpose. *See Bell v. Wolfish*, 441 U.S. 520, 540 (1979) (recognizing the government's "legitimate interests that stem from its need to manage the facility in which the individual is detained"); *see also Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (finding that the practice of triple-celling pretrial detainees was a response to the legitimate nonpunitive governmental purpose of dealing with severe overcrowding). A reasonable jury could not conclude from the designated evidence here that housing pretrial detainees in the dayroom and giving them a boat instead of a bed was excessive in relation to the legitimate nonpunitive purpose of dealing with the Jail's overcrowding. Accordingly, Mr. Eaton has failed to establish that Sheriff Plasse's response to the conditions of confinement was objectively unreasonable as to amount to a constitutional violation.

Sheriff Plasse is entitled to summary judgment as to the Fourteenth Amendment conditions of confinement claim against him in his individual capacity.

# IV.
# Conclusion

Defendant Plasse's motion for summary judgment is **GRANTED**. Dkt. [36]. Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 3/12/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ARSENIO EATON
Vigo County Jail
600 West Honey Creek Drive
Terre Haute, IN 47802

All Electronically Registered Counsel